## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| DAVID A. LUFKIN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 3:09-cv-10 |
| | )    (Phillips) |
| THOMAS HAMILTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

- Plaintiff's Motion for Partial Summary Judgment  [Doc. 15];

- Defendant Culver Schmid's Motion to Dismiss Based on Absolute/Qualified Immunity  [Doc. 21];

- Defendant Long Ragsdale & Waters, PC's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim  [Doc. 24];

- Defendants John Lucas's and Hunton & Williams LLP's Motion to Dismiss for Failure to State a Claim  [Doc. 31];

- Defendant John Lucas and Hunton & Williams LLP's Motion for Hearing Regarding their Motion to Dismiss for Failure to State a Claim  [Doc. 33];

- Defendant Dennis Daniels's Motion to Dismiss  [Doc. 36];

- Defendant State of Tennessee's Motion to Dismiss  [Doc. 38];

- Defendant Randy Nichols's Motion to Dismiss  [Doc. 40];

- Plaintiff's Motion to Strike Pleadings Filed by the State of Tennessee  [Doc. 44];

- Plaintiff's Motion for Extension of Time to File Reply  [Doc. 63];

1

- Plaintiff's Motion to Strike  [Doc. 64];

- Plaintiff's Motion to Allow Amendment  [Doc. 67];

- Defendants Dennis Daniels, Randy Nichols's, and the State of Tennessee's Second Motion to Dismiss Based on Waiver  [Doc. 70]; and

- Plaintiff's Motion for Protection and for Order Compelling Discovery [Doc. 75].

Based upon the following, this lawsuit- including both federal and state causes of actions- is **DISMISSED WITHOUT PREJUDICE** as to all defendants, with leave for the plaintiff to re-file if the Tennessee Claims Commission determines that the state employees or officials acted outside the scope of their employment.

## I.    BACKGROUND

The following facts are taken mostly from plaintiff's complaint [Doc. 1]. In December 1999, David Lufkin (the plaintiff) and his former law firm, David A. Lufkin, PC., were defendants in a civil action pending before the Sullivan County Chancery Court.  Christopher Conner represented Lufkin in that civil action.  The plaintiff in that civil action, Assetcare, was represented by John Lucas, who now works for the law firm of Hunton & Williams, LLP.  Shortly after the trial, rumors began to circulate that Lufkin's law firm was closing in December 1999.  Plaintiff alleges that the American Law Quarterly ("ALQ") and its CEO, Thomas Hamilton, were responsible for these rumors.  The ALQ publishes a list of lawyers who specialize in the commercial collection field.

Plaintiff alleges that following the civil trial, Mr. Lucas had meetings with the FBI, IRS , and the Tennessee Bureau of Investigation ("TBI").  Plaintiff alleges that Mr. Lucas obtained privileged legal documents and turned them over to government agencies.  In particular, plaintiff alleges that Mr. Lucas gave privileged documents to Dennis Daniels, Special Agent of the TBI.  Plaintiff alleges

that Mr. Lucas obtained the documents from Mr. Conner, who represented plaintiff in the civil lawsuit against Assetcare.

Plaintiff alleges that by the summer of 2000, Mr. Lucas and Mr. Hamilton were "actively involved in conversations with Mr. Randy Nichols and his office concerning the state criminal investigation, and with the FBI, the TBI and the IRS concerning federal criminal investigations against your Plaintiff." [Doc. 1 at 4]. By this time, plaintiff had become the target of criminal investigations by state and federal authorities. Randy Nichols, District Attorney for Knox County and the Sixth Judicial District of Tennessee, supervised the state criminal prosecution. John Lucas was appointed as a "special prosecutor" in the state criminal investigation. Culver Schmid, an attorney with the law firm of Long Ragsdale & Waters, PC, was also appointed as "special prosecutor" in the investigation. Plaintiff argues that "Mr. Nichols surrendered the constitutional power of his office over to private individuals who had adverse and conflicting reasons for pursuing your Plaintiff." [*Id*. at 8].

A criminal presentment was returned against plaintiff on January 21, 2003. Plaintiff and his wife were charged with 18 counts of theft. Mr. Lufkin moved to dismiss the criminal charges, which was heard by Judge James B. Scott. On September 4, 2008, Judge Scott dismissed the presentment against Lufkin. In his order, Judge Scott held that when government agents interviewed Mr. Conner it violated plaintiff's attorney-client privilege. Judge Scott also held that the use of such information violated plaintiff's Due Process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

On January 9, 2009, plaintiff brought a claim under 42 U.S.C. § 1983, arguing that the defendants violated his civil rights. Plaintiff brought his § 1983 claim against state employees and

private parties: Thomas Hamilton (CEO of American Lawyers Quarterly), American Lawyers Quarterly, Culver Schmid (who acted as a "special prosecutor" in plaintiff's state criminal investigation), Long Ragsdale & Waters, PC (Mr. Schmid's law firm), John Lucas (who acted as a "special prosecutor" in plaintiff's state criminal investigation), Hunton & Williams (Mr. Lucas's law firm), Dennis Daniels (TBI special agent involved with plaintiff's state criminal investigation), Randy Nichols (the District Attorney for Knox County and the Sixth Judicial District of Tennessee), and the State of Tennessee. As a basis for his § 1983 action, plaintiff alleges that the defendants subverted his right to counsel in violation of the Sixth Amendment, and that his Due Process rights under the Fourteenth Amendment were violated.

In addition to his § 1983 action, plaintiff brought the following state-law claims: malicious prosecution, abuse of process, the intentional infliction of emotional distress, false imprisonment, loss of consortium, conspiracy, negligence, and gross negligence.

On August 14, 2009, plaintiff filed a claim with the Tennessee Division of Claims Administration. [Doc. 71-1]. On November 12, 2009, plaintiff's claim was transferred to the Tennessee Claims Commission. [Doc. 71-2]. He asserted the same factual allegations he made in his federal cause of action.

Plaintiff has moved for partial summary judgment on the issue of liability [Doc. 15]. In response, the defendants have moved to dismiss this case [Docs. 21, 24, 31, 36, 38, 40, 70].

II.    ANALYSIS

    A.    **Plaintiff Waived his 42 U.S.C. § 1983 Claim Against State Employees in their Official and Personal Capacities When He Filed a Claim with the Tennessee Division of Claims Administration Involving the Same Factual Allegations**

42 U.S.C. § 1983 provides a cause of action where a person acting "under the color of state

4

law" has violated a plaintiff's constitutional or federal rights. *Dorsey v. Barber*, 517 F.3d 389, 394

(6th Cir. 2008). As a basis for his § 1983 claim, plaintiff alleges that defendants violated his Due

Process rights under the Fifth and Fourteenth Amendment, and subverted his right to counsel in

violation of the Sixth Amendment.

In response, defendants argue that plaintiff waived his federal cause of action against state

employees when he filed a claim with the Tennessee Division of Claims Administration. Tenn.Code

Ann. § 9-8-307(b) provides:

> Claims against the state filed pursuant to subsection (a) shall operate as a
> waiver of any cause of action, based on the same act or omission, which the
> claimant has against any state officer or employee. The waiver shall be void
> if the commission determines that the act or omission was not within the
> scope                    of the officer's or employee's office or employment.

Tenn.Code Ann. § 9-8-307(b). In *White v. Gerbitz*, the Sixth Circuit held that when a plaintiff files

a claim with the Tennessee Division of Claims Administration, he waives his federal cause of action

against state employees if the claims are based on the same alleged acts or omissions of state

employees. 860 F.2d 661, 664 (6th Cir. 1988), *cert denied*, 109 S.Ct. 1160 (1989).

In *White*, the plaintiff brought a § 1983 suit against state employees, and then subsequently

filed a similar claim with the Tennessee Division of Claims Administration. *Id*. The Sixth Circuit

held that the district court should have dismissed the § 1983 action because the plaintiff waived his

federal cause of action against state employees when he filed a claim in the Tennessee Division of

Claims Administration involving the same factual allegations. The court held that the plaintiff's §

1983 action should be dismissed with the following caveat:

> [The Order of Dismissal should] . . . provide that in the event the waiver
> provision of the Tennessee statute is not invoked due to the defendants' acts
> being deemed outside the scope of their employment, the plaintiff may present
> an order within sixty (60) days of the state action reinstating his claims to the

5

federal district court's docket.

*Id.* Like the plaintiff in *White,* the Tennessee Claims Commission has not yet addressed the merits

of plaintiff's claims- that is, the claims commission has not determined whether the state employees

acted outside the scope of their employment. In *White*, the court dismissed the lawsuit with leave

for the plaintiff to reinstate his federal cause of action if the Tennessee Claims Commission

determined that the state employees acted outside the scope of their employment: "[i]f the claims

commission concluded that the defendants' acts were outside the scope of their employment, the

plaintiff would be free to pursue a cause of action in federal court as no waiver would have

occurred." *Id.* at 655. The court also held that the statute of limitations should be tolled, pending

the Tennessee Claims Commission's determination as to whether the state employees acted outside

the scope of their employment. *Id.*

The Sixth Circuit has held that the waiver provision of Tenn.Code Ann. § 9-8-307(b) does

not violate the Supremacy Clause, but merely offers a choice to the plaintiff:

> The plaintiffs in this action were not required to file with the Division of
> Claims Administration at all, and could have chosen instead to pursue their
> claims under § 1983. Because they did file against the state itself [in the
> Tennessee Division of Claims Administration], they have made their choice
> and are precluded from continuing with their federal cause of action against
> the individual state employees.

*Estate of Drew v. U.T. Regional Medical Center Hostp*., 121 F.3d 707, at *5 (6th Cir. 1997). By

choosing to file a claim with the Tennessee Claims Commission, plaintiff has elected to waive his

federal cause of action that he had against state employees based on the same acts or omissions.

In the present case, plaintiff has brought suit against two state employees: Dennis Daniels

(a TBI special agent) and Randy Nichols (District Attorney for the Sixth Judicial District of

Tennessee). It is unclear whether plaintiff has sued the state employees in their official or individual

capacities. However, the court does not have to make that determination, because the Sixth Circuit has held that filing a claim with the Tennessee Claims Commission waives the federal cause of action against state employees in both their official and individual capacities. *Hicks v. Norris*, 1990 WL 61171, at *1 (6th Cir. 1990). In *Hicks*, the plaintiff brought an action under § 1983 against prison officials in their individual and official capacities. The Sixth Circuit upheld the district court's dismissal against the state employees because the plaintiff had filed a claim in the Tennessee Division of Claims Administration alleging the same acts or omissions by state employees: "Where Hicks elected to sue the defendants in the Tennessee Claims Commission for damages as a result of the tight-fitting leg irons, Tenn. Code. Ann. § 9-8-307(b) mandates a *complete waiver* of any companion federal cause of action against individual state officers or employees." *Id*. (emphasis added).

Accordingly, plaintiff's § 1983 action against Dennis Daniels and Randy Nichols is **DISMISSED**, with the caveat that, should the Tennessee Claims Commission determine that their acts were outside the scope of their employment, plaintiff may file a motion within sixty (60) days of the dismissal of the state action requesting that his claims be reinstated in federal court. In the interim, the statute of limitations on plaintiff's § 1983 action against Mr. Daniels and Mr. Nichols is tolled.

B.      **Plaintiff Waived his 42 U.S.C. § 1983 Claim Against Private Parties that Allegedly Acted "Under Color of State Law" When He Filed a Claim with the Tennessee Division of Claims Administration Involving the Same Factual Allegations**

Plaintiff alleges that Culver Schmid and John Lucas- who are not state employees or officials, but private attorneys- acted "under color of state law" by serving as special prosecutors in plaintiff's criminal investigation. Mr. Schmid and Mr. Lucas were appointed by Randy Nichols,

the District Attorney General for the Sixth Judicial District of Tennessee. Plaintiff also alleges that

Thomas Hamilton, CEO of American Lawyers Quarterly, acted under color of state law because he

provided documents to government agents during the state criminal investigation. Plaintiff has also

brought suit against private entities, including the American Lawyers Quarterly, Long Ragsdale &

Waters, PC, and Hunton & Williams, LLP.

The issue before the court is whether plaintiff's § 1983 action against private parties

allegedly acting under color of state law should be dismissed when a plaintiff files a claim with the

Tennessee Division of Claims Administration involving the same factual allegations? This is a

question of first impression in this circuit, but based upon the legislative history of the Tennessee

Claims Commission, existing case-law, and a very practical administrative reason, the court finds

that plaintiff's § 1983 action against private parties that allegedly acted under color of state law

should also be dismissed.

In May 1984, the Tennessee Claims Commission was established to create a forum for

individuals to bring claims against the state. Tenn.Code.Ann. § 9-8-307. In other words, the State

waived its sovereign immunity under certain circumstances, in exchange for the plaintiff waiving

their right to pursue claims against state employees in other forums, including federal court:

> In so doing [the State waiving its sovereign immunity], the state provides
> claimants with a cause of action- and a deep pocket- that they would not
> otherwise be able to pursue. In return for this opportunity, however, claimants
> who choose to take advantage of the state's waiver of sovereign immunity
> automatically waive something themselves [their federal cause of action].

*Estate of Drew v. U.T. Regional Medical Center Hostp*., 121 F.3d 707, at *2 (6th Cir. 1997).

One of the purposes in creating the Tennessee Claims Commission was to provide plaintiffs

with an alternative forum to bring suits that would otherwise be brought under 42 U.S.C. § 1983.

*Shell v. State*, 893 S.W.2d 416, 419 (Tenn.1995*).* This is why the Tennessee Claims Commission has always been "sensitive to changes in § 1983 jurisprudence." *Id*. If the Tennessee Claims Commission was created as an alternate forum for plaintiffs to bring claims that would otherwise be brought under § 1983, then by filing a claim with the Tennessee Division of Claims Administration the plaintiff waives his § 1983 action as it pertains to *all* individuals who may be sued under § 1983.

Under § 1983, state employees and officials are not the only persons who may be sued. Private parties may be liable as agents of the government when their conduct is "fairly attributable to the state." *Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 636 (6th Cir. 2005) (internal quotation marks omitted). In the Sixth Circuit, there are three tests to determine whether a private party acted "under color of state law": (1) if the private party engaged in a public function; (2) if the state compelled or exercised control over the private party; or (3) if there was a symbiotic relationship or nexus between the government and a private party. *Garcia v. Dykstra*, 260 Fed.Appx. 887, at *5 (6th Cir. 2008) (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)). The public function test requires that the private entity exercise powers that are traditionally exclusively reserved to the State, such as holding elections or exercising eminent domain. *Vistein v. American Registry of Radiologic Technologists*, 342 Fed.Appx. 113, at *13 (6th Cir. 2009)(citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978)). The state compulsion test requires that a State has "exercised such coercive power or has provided such encouragement, either overt or covert, that the choice *must in law be deemed to be that of the State*." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (emphasis added). Under the symbiotic or nexus test, "the action of a private party constitutes state action when there is sufficiently close nexus between the State and the challenged

action of the regulated entity so that the action of the latter may be fairly treated as that of the State

itself." *Vistein*, 342 Fed.Appx. 113, at *13.

In filing a claim in the Tennessee Division of Claims Administration, plaintiff has brought

a claim against the State of Tennessee. In his claim, plaintiff has tried to attribute the actions of

private parties to the State of Tennessee by arguing that the private parties acted under color of state

law. [Doc. 71-1 at 27]. Plaintiff defines "agents of the State" as including the following parties:

> Randy Nichols, as District Attorney for the Sixth Judicial District, Culver
> Schmid, Esquire, and John Lucas, Esquire, 'specially appointed' as
> prosecutors to assist Mr. Nichols, Dennis Daniels, Special Agent of the
> Tennessee Bureau of Investigation, and Long Ragsdale & Waters and Hunton
> & Williams, as persons under Tennessee law as corporations aiding the
> Defendants Schmid and Lucas. . .

[Doc. 71-1 at 27, n.21]. If the waiver provision under Tenn.Code.Ann. § 9-8-307 dismisses

plaintiff's § 1983 action against state employees, then it should also dismiss plaintiff's § 1983 action

against private parties allegedly acting under color of state law. In both cases, plaintiff is attempting

to attribute the conduct of individuals - whether it be state employees or private parties- to the State.

An examination of the framework governing § 1983 actions makes this clear.

A good starting point is to understand the relationship between the Eleventh Amendment and

42 U.S.C. § 1983. The Eleventh Amendment prohibits federal courts from hearing a damages claim

against a state and its entities except where Congress has explicitly abrogated a state's immunity or

where the state itself has consented to suit. *Cowan v. University of Louisville School of Medicine*,

900 F.2d 936, 940 (6th Cir. 1990). States have not consented to being sued under § 1983, and the

Supreme Court has held that Congress did not abrogate states' immunity when it passed 42 U.S.C.

§ 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, states may not be sued for monetary damages

under § 1983. *Id.* While the Eleventh Amendment bars § 1983 actions against the State itself,

plaintiffs may sue "persons" acting color of state law. *Id*.

Under § 1983, plaintiffs may sue state employees in their "official" capacity (so long as it is for prospective injunctive relief), state employees in their "personal" capacity (for monetary damages or injunctive relief), and private parties who acted under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The capacity in which a public officer or employee is sued has an effect on what the plaintiff must prove to establish liability, what defenses are available, and what remedies the plaintiff may seek. *Id*.

The Supreme Court has held that state employees may not be sued in their official capacity for monetary damages. *Hafer*, 502 U.S. at 25. More precisely, the Supreme Court has held that state employees sued in their official capacity for monetary damages are not "persons" within the meaning of § 1983. *Id*. This is because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id*. Thus, the Supreme Court has made clear that suits "against state officials in their official capacity [for monetary damages] therefore should be treated as suits against the State," and as previously stated, the Eleventh Amendment bars §1983 actions against the state for monetary damages. *Id*. "The purpose behind placing state officials sued in their official capacities out of range of a § 1983 claim [for monetary damages] is that *such a suit, in essence, is a suit against the state*, which is not a permissible defendant in a § 1983 action." *Okwa v. Harper*, 360 Md. 161, 193 (Md.Ct.App. 1999) (emphasis added). However, there is one wrinkle to this: a state employee sued in his official capacity for *prospective injunctive relief* qualifies as a "person" within the meaning of § 1983, and thus may be sued.[1]

_____

[1] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. . . " *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, n.10 (1989).

In contrast, suits against state employees in their personal capacity are not treated as suits against the state: "By contrast [to official-capacity suits], officers sued in their personal capacity come to court as individuals." *Hafer*, 502 at 27. In *Hafer*, the Supreme Court held that state employees sued in their personal capacity are "persons" within the meaning of § 1983. *Id*. The point was to make clear that suits against state employees in their personal capacity are not treated as suits against the state. *Id*.

First, the standards for assessing liability are different. In official-capacity suits for prospective injunctive relief, "the *entity's* policy or custom must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166. However, in personal-capacity suits, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id*. Thus, in personal-capacity suits, the plaintiff does not have to show that there was a policy or custom that played a part in the violation of federal law. *Id*. The different standards regarding official and personal-capacity suits demonstrates that when plaintiffs sue a state employee in their personal capacity, it is not treated as a suit against the State. In addition, if state employees are sued in their personal capacity and found liable, the damages are paid out of the officers' pockets- not the state treasury.

Second, there are different defenses available in official and personal-capacity suits. In official-capacity suits, the only defenses available are "those that the *governmental entity* possesses." *Hafer,* 502 at 25 (emphasis added). In other words, state employees sued in their official capacity may only raise the Eleventh Amendment as a defense- which is why they may not be sued for monetary damages in their official capacity. The fact that state employees sued in their official capacity can only raise defenses that the State possesses, demonstrates that the State is the real party

12

of interest in official-capacity suits.  Furthermore, when employees sued in their official capacity

die or leave office prior to the resolution of the lawsuit, their successors automatically assume their

roles in the litigation.  *Id*.  Thus, the focus is on the State in official-capacity suits, not the individual.

In contrast, state employees sued in their personal capacity are not limited to raising defenses only

available to the State.  State employees in personal-capacity suits may assert (depending on their

position) absolute or qualified immunity.  *Graham*, 473 U.S. at 166.

      In *White v. Gerbitz*, the Sixth Circuit held that when a plaintiff files a claim with the

Tennessee Division of Claims Administration, he waives his federal cause of action against state

employees if the claims are based on the same alleged acts or omissions of state employees.  860

F.2d 661, 664 (6th Cir. 1988), *cert denied*, 109 S.Ct. 1160 (1989).  In *White*, the plaintiff brought

a § 1983 action against state employees, but the court did not expressly state whether the plaintiff

brought suit against them in their official or personal capacities.  However, the inference is that the

Sixth Circuit held that the plaintiff waived his official *and* personal-capacity suits:

> Moreover, as suits against state actors in their official capacities [for monetary
> damages] are already barred by the Eleventh Amendment, there would be no
> need for the Sixth Circuit to reach its decision in *White* unless it was
> considering claims filed against a defendant in his or her individual capacity
> as well.

*Bryant-Bruce v. Vanderbilt University, Inc.*, 974 F.Supp. 1127, 1136 (M.D. Tenn., 1997).  Thus, it

is reasonable to interpret *White* as requiring dismissal of plaintiff's official and personal-capacity

suits against state employees.

      As previously stated, suits against state employees in their personal capacity are not treated

as suits against the state.  Thus, when the Sixth Circuit held that a plaintiff waives his personal-

capacity suit when he files a claim in the Tennessee Division of Claims Administration involving

the same factual allegations, the Sixth Circuit dismissed an action that was not premised on the State's liability. This is important because when a claim is filed in the Tennessee Division of Claims Administration, it is filed against the State of Tennessee. Under § 1983 jurisprudence, the State is the real party in interest only when a state employee is sued in their official capacity. In *White*, the Sixth Circuit could have limited its holding to only dismiss § 1983 actions where the State is the real party of interest- that is, official-capacity suits. But that is not what the court did. In *White*, the court dismissed the plaintiff's personal-capacity suits, which again, is not treated as a suit against the State. Like state employees who are sued in their personal capacity, when private parties act under color of state law, the State is not the real party of interest. Because "officers sued in their personal capacity come to court as *individuals*" - just like private parties acting under color of state law- it is only logical to expand *White*'s holding as to include private persons, who while acting under color of state law, do not in fact represent the State. *Hafer,* 502 at 27 (emphasis added).

There is also a very practical administrative reason to adopt this rule. If Tenn.Code.Ann. § 9-8-307 only waived plaintiff's § 1983 action against state employees, and not private parties allegedly acting under color of state law, we would have the following situation:

> In essence, we would have bifurcated proceedings: the claims commission proceeding regarding the liability of the state employees, and the federal court proceeding regarding the liability of the private parties that allegedly acted under color of state law. Plaintiff's § 1983 action would remain against the private parties in federal court, but even if the court were to determine that plaintiff's § 1983 claim should proceed to trial, the court would have to "freeze" the lawsuit pending the determination by the Tennessee Claims Commission regarding whether the state employees acted outside the scope of their employment. It would be premature to proceed to trial on only the private parties' liability (assuming that the plaintiff survived summary judgment on that action), when plaintiff's federal cause of action is against both private parties and state employees.

If the court did not expand *White*'s holding, it would lead to a duplication of claims, which is

14

precisely what the Tennessee Claims Commission sought to avoid with its waiver provision. For example, consider the claims that plaintiff filed in federal court and the Tennessee Division of Claims Administration, both of which are nearly identical in substance. The claims involve the same factual allegations against state employees and private parties. Plaintiff even incorporates the same requests in the complaints. Compare the following:

> Therefore, as to the individual defendant persons, your Plaintiff requests this Honorable Court, by way of summary judgment, to rule on the issue of liability under Title 42, Section 1983 of the United States Code in favor of your Plaintiff and to set this matter for trial on the issue of damages to your Plaintiff as the only jury issue.

[Doc. 1 at 15, Plaintiff's complaint that he filed in federal court].

> Therefore, comes your Petitioners and request this Honorable Commission, by way of Summary Judgment, to rule on the issue of liability in favor of your Petitioners and to set this matter for trial on the issue of damages in that it is required to take judicial notice of Judge Scott's previous ruling against the State of Tennessee.

[71-1 at 15, Plaintiff's complaint that he filed in the Tennessee Division of Claims Administration].

When a plaintiff files a § 1983 action, and then subsequently files a claim in the Tennessee Division of Claims Administration involving the same factual allegations, it is more efficient to dismiss the § 1983 action- as to all parties, including both state employees and private parties allegedly acting under color of state law- with leave for the plaintiff to re-file in federal court if the Tennessee Claims Commission determined that the state employees acted outside the scope of their employment. To allow two separate proceedings at the same time would lead to a waste of judicial resources. Beyond the theoretical justification for expanding *White*'s holding, this practical justification is equally compelling.

Finally, the court notes that it does not have to decide whether Culver Schmid, Randy

Nichols, Thomas Hamilton, American Lawyers Quarterly, Long Ragsdale & Waters, PC, and Hunton & Williams, LLP, acted under color of state law. If the court determined that the private parties did not act under color of state law, then as a matter of law the § 1983 action would be dismissed against them. This is because only persons acting under color of state law may be held liable under § 1983. "[A] private entity acting on its own cannot deprive a citizen of First Amendment [or other constitutional or federal] rights." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). "A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). However, even if the court were to find that the private parties acted under color of state law, the court would still dismiss the action because plaintiff waived his § 1983 action when he filed a claim with the Tennessee Division of Claims Administration involving the same factual allegations. Both conclusions would lead to the same result: dismissal of plaintiff's lawsuit.

Accordingly, the case as it pertains to the private parties that allegedly acted under color of state law is **DISMISSED**, with the caveat that, should the Tennessee Claims Commission determine that the state employees or officials acted outside the scope of their employment, plaintiff may file a motion within sixty (60) days of the dismissal of the state action requesting that his claims be reinstated in federal court. In the interim, the statute of limitations on plaintiff's federal cause of action will be tolled.

C.    **The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State-Law Actions**

In addition to his 42 U.S.C. § 1983 action, plaintiff has brought several state-law claims. This includes a claim for malicious prosecution, abuse of process, the intentional infliction of

emotional distress, false imprisonment, and negligence and gross negligence. [Doc. 1].

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)).

Plaintiff's § 1983 action is the only cause of action that this court has original jurisdiction over. Because the court dismissed plaintiff's federal claim prior to trial, the court declines to exercise supplemental jurisdiction over his state-law claims. Accordingly, plaintiff's state-law claims are **DISMISSED**, with the caveat that, should the Tennessee Claims Commission determine that the state employees or officials acted outside the scope of their employment, plaintiff may file a motion within sixty (60) days of the dismissal of the state action requesting that his claims be reinstated in federal court.

## III.  CONCLUSION

Based upon the following, this lawsuit is **DISMISSED WITHOUT PREJUDICE** as to all defendants, with leave for the plaintiff to re-file if the Tennessee Claims Commission determines that the state employees or officials acted outside the scope of their employment. Accordingly, the court makes the following rulings:

- Plaintiff's Motion for Partial Summary Judgment [Doc. 15] is **DENIED**.

- Defendant Culver Schmid's Motion to Dismiss Based on Absolute/Qualified Immunity [Doc. 21] is **DENIED AS MOOT**.

- Defendant Long Ragsdale & Waters, PC's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Doc. 24] is **DENIED AS MOOT**.

- Defendant John Lucas's and Hunton & Williams LLP's Motion to Dismiss for Failure to State a Claim [Doc. 31] is **DENIED AS MOOT**.

- Defendant John Lucas's and Hunton & Williams LLP's Motion for Hearing Regarding their Motion to Dismiss for Failure to State a Claim [Doc. 33] is **DENIED AS MOOT**.

- Defendant Dennis Daniels's Motion to Dismiss [Doc. 36] is **DENIED AS MOOT**.

- Defendant State of Tennessee's Motion to Dismiss [Doc. 38] is **DENIED AS MOOT**.

- Defendant Randy Nichols's Motion to Dismiss [Doc. 40] is **DENIED AS MOOT**.

- Plaintiff's Motion to Strike Pleadings Filed by the State of Tennessee [Doc. 44] is **DENIED AS MOOT**.

- Plaintiff's Motion for Extension of Time to File Reply [Doc. 63] is **DENIED AS MOOT**.

- Plaintiff's Motion to Strike [Doc. 64] is **DENIED AS MOOT**.

- Plaintiff's Motion to Allow Amendment [Doc. 67] is **DENIED AS MOOT**.

- Defendants Dennis Daniels's, Randy Nichols's, and the State of Tennessee's Second Motion to Dismiss Based on Waiver [Doc. 70] is **GRANTED**.

- Plaintiff's Motion for Protection and for Order Compelling Discovery [Doc. 75] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge